**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DWAYNE ANTHONY NOWLIN,**<br><br>  Plaintiff,<br><br>  v.<br><br>**DISTRICT OF COLUMBIA, et al.,**<br><br>  Defendants. | Case No. 1:15-cv-00524 (CRC) |

**MEMORANDUM OPINION AND ORDER**

Dwayne Anthony Nowlin was incarcerated by the District of Columbia Department of Corrections ("DOC") from August 2013 to March 2014.  In this lawsuit, Nowlin alleges that while transferring him between facilities, several corrections officers attacked him without cause, beating and kicking him and spraying his eyes with pepper spray.  Am. Compl. ¶¶ 8–11.  He claims he was then placed in administrative segregation, and that DOC subsequently refused to investigate the incident or provide him with adequate medical attention.  Id. ¶¶ 11–18.  Nowlin brings claims for assault and battery and for deprivation of civil rights against two corrections officers:  Sergeant Harrison Ekwonna and Officer Chukwuemeka Ekwonna, a father and son.  Nowlin also filed claims for common law excessive force and for various forms of negligence against the Ekwonnas and the District of Columbia.

All defendants move to dismiss the negligence claims,[1] and the District also moves to dismiss the excessive force claim.  Because, as Nowlin acknowledges, see Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 5, at 4, excessive force is not recognized as an independent cause of

---

[1] The District of Columbia has not moved to dismiss Nowlin's claim for negligent supervision, see Reply to Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 17, at 4, which therefore will proceed.

1

action in the District of Columbia, the Court will grant the District's motion as to Nowlin's excessive force claim. Further, because Nowlin does not plead distinct and plausible facts supporting a theory of negligence separate and apart from his assault and battery claim, the Court will grant Defendants' motions as to negligence on the part of the officers. Finally, because the District cannot be held liable in tort for failing to investigate an inmate's grievance in accordance with its own procedures, the Court will also grant the District's motion as to Nowlin's negligent investigation claim.

## I.   Background

According to Nowlin's account of the facts, which the Court accepts as true for purposes of assessing a motion to dismiss, Nowlin was formerly an inmate at the District of Columbia jail. On August 26, 2013, Sergeant Harrison Ekwonna was transferring Nowlin between correctional facilities when they had a verbal altercation that led Ekwonna to call a "Code Blue," requesting emergency assistance from other corrections officers. Am. Compl. ¶¶ 8–9. Officer Chukwuemeka Ekwonna—Harrison Ekwonna's son—and approximately five unknown officers approached Nowlin, sprayed him with an inflammatory substance, and "gratuitously and viscously [sic] beat him"—despite his voluntary submission. Id. ¶¶ 10–11. The officers then placed him in administrative segregation. Id. Nowlin suffered severe pain in his lower back, hip, and right leg following the incident. Id. ¶ 12.

Nowlin alleges that his injuries were not properly diagnosed until almost two months after the altercation and that he did not begin receiving physical therapy until three weeks after the diagnosis. Id. ¶ 17. According to Nowlin, the delayed treatment exacerbated his injury. Id. ¶ 18. At some point during his incarceration, Nowlin filed three grievances claiming that he was subjected to excessive force and given inadequate medical attention, but these grievances were

ultimately denied. Id. ¶ 13. Nowlin claims the District of Columbia "failed to . . . secure video evidence" in connection with these grievances, which would have "exonerated" him and "caused him to be released from segregation" at an earlier time. Id. ¶ 19.

Nowlin initially filed this lawsuit in March 2015 in the Superior Court of the District of Columbia. He subsequently amended his complaint, and the District of Columbia removed the case to this Court in April 2015. Nowlin seeks to recover both from the officers and the District for common law excessive force and for several forms of negligence, and also seeks to recover from the officers for assault and battery and for deprivation of his civil rights. All defendants now move to dismiss the negligence claims, with the exception of the claim for negligent supervision. The District also moves to dismiss the excessive force claim.

## II.     Standard of Review

Defendants' motions to dismiss should be granted if Nowlin's complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "does not require 'detailed factual allegations,' but it demands more than" bare accusations against the defendant. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). In deciding the District's Rule 12(b)(6) motion, the Court "must accept as true all of the facts in the complaint." Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (citing Twombly, 550 U.S. at 555–56). Any ambiguities must be viewed in a light most favorable to the plaintiff, giving him the benefit of every reasonable inference drawn from the facts and allegations in the complaint. In re Interbank Funding Corp. Sec. Litig., 668 F. Supp. 2d 44, 47 (D.D.C. 2009) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Although the Court

must accept all well-pled facts as true, legal allegations devoid of factual support are not entitled to this assumption. See Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**III.   Analysis**

　A.   Excessive Force Claim Against the District of Columbia

Nowlin seeks to hold the District of Columbia vicariously liable for the officers' alleged use of excessive force under a theory of *respondeat superior*. Confusingly, he acknowledges that "the District of Columbia does not recognize excessive force as a standalone common law claim," Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 5, at 5, yet nonetheless insists that he is bringing "a common law claim of excessive force which does not require [him] to plead facts in support of municipal liability," id. at 4. He contends further that the allegations in his excessive force claim overlap with his assault and battery claim as well as his negligence claim. Id. at 5.

Plaintiffs typically bring claims alleging excessive force under 42 U.S.C. § 1983, alleging violations of their Fourth Amendment rights. See, e.g., Graham v. Connor, 490 U.S. 386 (1989). Under Section 1983, a municipality cannot be held liable on a *respondeat superior* theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Singletary v. District of Columbia, 766 F.3d 66, 72 (D.C. Cir. 2014). Accordingly, if Nowlin seeks to hold the District of Columbia liable for violation of his constitutional rights, he cannot do so on the basis of *respondeat superior*. Nowlin insists, however, that "[t]here are no constitutional claims being brought against the District of Columbia," Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 5, at 5, reiterating that he is simply bringing a "common law claim of excessive force," id. at 4. Because common law excessive force is not recognized as an independent cause of action in the District of Columbia, the Court will grant the District's motion to dismiss Nowlin's excessive force claim.

B. <u>Negligent Acts by the Officers</u>

Nowlin also alleges that Harrison and Chukwuemeka Ekwonna acted negligently in using force against him. The defendants respond that Nowlin's negligence claims are based entirely on an intentional tort and thus necessarily cannot constitute negligence. Although "[a]n individual who has been injured by [an officer] may sue under one or more common law theories of legal liability such as assault and battery or negligence," <u>District of Columbia v. Chinn</u>, 839 A.2d 701, 705 (D.C. 2003), the "negligence [claim] must be (1) distinctly plead, (2) based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself, and (3) violative of a distinct standard of care," <u>id.</u> at 711. Further, to maintain both claims, "the applicable standard of care *cannot be the duty not to use excessive force* and the negligence claim must identify an independent breach of a standard of care . . . which may properly be analyzed . . . on its own terms." <u>Id.</u> at 707 (emphasis added); <u>see also</u> <u>Hall v. Lanier</u>, 708 F. Supp. 2d 28, 32 (D.D.C. 2010) (holding that an arrestee's allegations that police officers grabbed him and threw him to the ground, causing him various injuries, were insufficient to plead a separate and distinct claim of negligence). "[W]hile it is true that one incident may give rise to claims of intentional tort or negligence, these are separate theories of liability which must be *presented individually* and founded on appropriate evidence." <u>Sabir v. District of Columbia</u>, 755 A.2d 449, 451 (D.C. 2000) (emphasis added); <u>McCracken v. David Walls–Kaufman</u>, 717 A.2d 346, 350 (D.C. 1998) (reaffirming that "the same course of conduct may give rise to claims of both assault and battery and negligence if the necessary predicates for both are shown to exist").

Nowlin responds that "all the facts in his complaint," taken together, support a negligence claim. Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 5, at 5. He then states, for instance, that "[t]he negligence claim against the defendant Sgt. Harrison Ekwonna relates to his making a Code Blue

5

call when he knew or should have known that the situation did not require such a drastic measure," labeling this an "alternate theor[y] of liability" to assault and battery. Id. at 6. Nowlin's complaint, however, appears to describe solely intentionally tortious conduct: If Sergeant Ekwonna in fact "*vindictively* radioed in a 'Code Blue' . . . knowing that officers would arrive and physically subdue Mr. Nowlin using maximum force," Am. Compl. ¶ 9 (emphasis added), then Sergeant Ekwonna would potentially be liable for an intentional tort—not negligence. While Nowlin is not automatically precluded from asserting both assault and battery claims and negligence claims arising out of the same incident, he must distinctly plead these alternating theories of liability in his complaint. He has not done so.

Moreover, Nowlin cannot recover on negligence claims related to the alleged assault itself simply by "dressing up the substance" of these intentional tort claims in the "garments" of his negligence claim. Sabir, 755 A.2d at 451 (citation and quotation marks omitted). Simply "[i]nvoking words such as 'duty,' 'breach' and 'negligent'" with respect to the facts and circumstances surrounding an alleged assault or use of excessive force "does not transform an intentional tort into negligence." Id. Here, Nowlin alleges that Sergeant Ekwonna "vindictively and without cause radioed a 'Code Blue,'" Am. Compl. ¶ 3, and that the officers "sprayed an inflammatory substance . . . into [his] eyes, . . . threw him to the ground and gratuitously and viscously [sic] beat him with their fists and kicked him . . . ." id. ¶ 11. These allegations of intentional conduct do not support a theory of negligence separate and apart from Plaintiff's assault and battery claim. Accordingly, the Court will grant Defendants' motions to dismiss as to the negligence claims involving the officers' actions during the incident itself.

6

C. <u>Negligent Investigation by the District of Columbia</u>

In addition to claiming that the officers and District acted negligently with regard to the alleged assault, Nowlin alleges that he did not receive a timely response to three separate grievances about the incident and his inadequate medical attention.  He contends that the District "had a duty to investigate the correctional officer's [sic] use of force and the circumstances surrounding their disciplinary infraction and [Nowlin's] grievance concerning it."  Am. Compl. ¶¶ 13, 19.  In particular, Nowlin explains that Defendants owed him a "duty to review the use of force by looking at the video tape," Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 5, at 11.  Other than making the conclusory allegation that Defendants "failed to exercise reasonable care" in investigating the incident, Nowlin's only factual allegation is that Defendants "failed to . . . secure video evidence of the code blue incident and use of force."  Am. Compl. ¶ 19.

In support of his position that DOC owed him a duty to investigate and review video, Nowlin points to internal policies which provide that "after any incident involving the use of force . . . the Warden, Deputy Warden of Operations and the applicable shift Major shall meet and review the incident to include the videotape and incident statements."  Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 5, at 9 (citing DOC's Program Statement on Use of Force, PS 5010.9D).  Nowlin contends that had DOC fully complied with its policy, he would have been "exonerated" and consequently released from administrative segregation earlier.  Am. Compl. ¶ 19; Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 5, at 9.  The District responds that Nowlin's complaint lacks independent factual allegations to support this claim and that, regardless, Nowlin has not shown that this alleged negligence proximately caused any of his injuries.

Generally, for a plaintiff in the District of Columbia to maintain a cause of action under a theory of negligence, he or she must establish three elements: (1) that the defendant owed a duty

7

of care to the plaintiff, (2) that the defendant violated that duty, and (3) that a causal relationship exists between the violation and the injury. See Simms v. District of Columbia, 669 F. Supp. 2d 217, 227 (D.D.C. 2010) (citing Wash. Metro. Area Transit Auth. v. Ferguson, 977 A.2d 375, 377 (D.C. 2009)). Thus, the "plaintiff must allege facts which show that the defendant breached some legally imposed duty owed to the plaintiff." District of Columbia v. White, 442 A.2d 159, 162 (D.C. 1982) (quoting Kelton v. District of Columbia, 413 A.2d 919, 922 n.5 (D.C. 1980)).

Legislative action occasionally "fashions applicable standards of conduct which themselves create the duty of care required." Richardson v. Gregory, 281 F.2d 626, 629 (D.C. Cir. 1960). "Under D.C. law, '[w]here a particular statutory or regulatory standard is enacted to protect persons in a plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute, an unexplained violation of the standard renders the defendant negligent as a matter of law . . . .'" Blake v. Securitas Sec. Serv., Inc., 962 F. Supp. 2d 141, 149 (D.D.C. 2013) (quoting Perkinson v. Gilbert/Robinson, Inc., 821 F.2d 686, 691–92 (D.C. Cir. 1987)).

The District of Columbia Court of Appeals has held, however, that "[a]gency protocols and procedures, like agency manuals, do not have the force or effect of a statute or an administrative regulation," but rather "provide officials with guidance on how they should perform . . . ." Clark v. District of Columbia, 708 A.2d 632, 636–37 (citing Wanzer v. District of Columbia, 580 A.2d 127, 133 (D.C. 1990)). A defendant "cannot be held liable for aspiring to efforts beyond" what would otherwise be required of it. Clark, 708 A.2d at 636. "To hold otherwise would create the perverse incentive for [a defendant] to write its internal operating procedures in such a manner as to impose minimal duties upon itself in order to limit civil

liability rather than imposing . . . requirements upon its personnel that may far exceed those followed by comparable institutions." Id.

Nowlin contends that DOC owed him a duty that is "evidenced by [the Department's] own established policies and procedures on a variety of matters referred to as Program Statements." Pl.'s Opp'n Partial Mot. Dismiss, ECF No. 5, at 8. These program statements, however, are only internal policies that by themselves cannot establish a duty or a standard of care. See Abney v. District of Columbia, 580 A.2d 1036, 1040–41 (D.C. 1990) (noting that an unpublished Metropolitan Police Department General Order was the equivalent of an "internal operating manual" and not a "rule" or regulation). As a result, the District owed no specific duty to Nowlin to investigate his grievances in accordance with its Program Statements. Therefore, in the absence of a separate, recognized cause of action for negligent investigation,[2] Nowlin's claim that the District is liable in negligence for failing to adequately investigate his grievances must fail. The Court will grant the District's motion as to the negligent investigation claim.

### IV.    Conclusion

For the forgoing reasons, it is hereby

**ORDERED** that [5] and [14] Defendants' Partial Motions to Dismiss are **GRANTED**. It is further

**ORDERED** that Count One (Excessive Force) as to the District of Columbia is hereby **DISMISSED**. It is further

---

[2] The District of Columbia is generally reluctant to impose upon police an enforceable duty to specific individuals to investigate their complaints. See, e.g., McGaughey v. District of Columbia, 684 F.3d 1355, 1358 (D.C. Cir. 2012) ("If the police owed an enforceable duty to each person, then 'every complaint—whether real, imagined, or frivolous'—would raise the spectre of civil liability for failure to respond.") (quoting Morgan v. District of Columbia, 468 A.2d 1306, 1311 (D.C. 1983)); id. ("[T]he police have no duty to investigate any particular crime . . . .").

**ORDERED** that Count Three (Negligence), except as to Plaintiff's claim of negligent supervision against the District of Columbia, is hereby **DISMISSED**.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date:   August 28, 2015